HERRICK, FEINSTEIN LLP
Steven B. Smith
Maxim M.L. Nowak
Hunter Waters
Two Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (Fax)
ssmith@herrick.com
mnowak@herrick.com
hwaters@herrick.com

*Attorneys for Moshe Gold*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Moshe Gold, <br><br> Alleged Debtor. | Chapter 11 <br><br> Case No. 24-43647 (NHL) |

**MOSHE GOLD'S REPLY IN FURTHER SUPPORT OF HIS**
**AMENDED MOTION TO DISMISS INVOLUNTARY PETITION**

TO:   THE HONORABLE NANCY HERSHEY LORD
      UNITED STATES BANKRUPTCY JUDGE

Moshe Gold ("Gold"), by and through his undersigned counsel, respectfully submits this reply in further support of his *Amended Motion to Dismiss Involuntary Petition* [ECF No. 14] (the "Amended Motion"). In support hereof, Gold respectfully represents, and states as follows:

**PRELIMINARY STATEMENT**[1]

1.      The *Affirmation in Opposition* [ECF No. 16] ("Opposition") to the Amended Motion filed by Israel Farkash ("Farkash") and Asher Blumenberg ("Blumenberg") fails to address

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Amended Motion.

the singular issue before this Court—whether the *Certification of Service* they filed on November 19, 2024 [Dkt. No. 11] (the "<u>Faulty Certification</u>") is valid. It is not.

2.  Farkash and Blumenberg fail to offer any explanation:

(i)  why Abraham, the original petitioner, did not file any certification of service;

(ii) why they waited 19 days after Abraham purported to assign his claim to them to file their Faulty Certification—71 days after the alleged summons service date;

(iii) why they did not file an objection to the Motion to Dismiss or their Faulty Certification by the Motion to Dismiss objection deadline;

(iv) why they waited until just minutes before the scheduled hearing on the Motion to Dismiss to file their Faulty Certification and did so including a caption not from this involuntary case but from a New Jersey bankruptcy court; or, perhaps most importantly

(v)  how their Faulty Certification could include the November 19, 2024 hearing date for the Motion to Dismiss when such date was unknown on September 9, 2024, the day the Faulty Certification was alleged to have been signed.

3.  Farkash and Blumenberg ignore their Faulty Certification—presumably because they have to—and, instead, point now to a new "Certification of Service" dated January 10, 2025 (the "<u>Purported Certification</u>") in support of their assertion that the summons was served on the purported debtor on September 9, 2024. This is an obvious attempt to correct what appears to be a fatal flaw in their Faulty Certification—the November 19 hearing date was unknown on September 9 and therefore could not have been included in the caption. And, if that is the case, the Faulty Certification was created after the fact and backdated. Moreover, the Faulty Certification was filed 71 days after the alleged summons service date, hardly timely, and warrants the dismissal of the case.

4.  Farkash's and Blumenberg's new certification—filed 127 days after the alleged summons service date—is similarly untimely. Both purported certifications should be disregarded.

2

5.  Farkash and Blumenberg's objections are either wholly without merit or are red herring arguments wholly irrelevant to the fact that: (i) Abraham failed to serve an involuntary summons; a fatal error to an involuntary bankruptcy petition; (ii) Farkash and Blumenberg failed to timely object to the Motion to Dismiss; (iii) Farkash and Blumenberg failed to timely file a valid certificate of service; and (iv) Abraham, Farkash, and Blumenberg failed to prosecute the case.

6.  Farkash and Blumenberg's Opposition should be overruled, and the Amended Motion should be granted.

## ARGUMENT

### I. The Involuntary Petition Must Be Dismissed

#### A. The Petitioning Creditor Failed to Serve the Involuntary Summons

7.  The Bankruptcy Rules and the Local Rules required Abraham, as the petitioning creditor, to serve the involuntary summons on Moshe Gold within the required seven days after issuance. It is undisputed that he failed to do so, and such failure is fatal. Further, Abraham did not oppose the First Amended Motion to Dismiss.

8.  On these facts alone, the Amended Motion should be granted.

#### B. Farkash's and Blumenberg's Purported Certifications of Service are Woefully Deficient

9.  On October 31, 2024, Farkash and Blumenberg allege that Abraham assigned his claim to them. Even assuming *arguendo* the assignment's validity, they had 12 days, until November 12, 2024, to timely interpose an objection to the First Motion to Dismiss and/or to attempt to cure Abraham's fatal error by demonstrating that the summons was served on Moshe Gold. They did neither.

10.  Instead, Farkash and Blumenberg waited until the November 19, 2024 hearing date on the First Motion to Dismiss to file their Faulty Certification and to request an adjournment of

3


the hearing. During the hearing, Farkash alleged that on September 9, 2024, a Mr. David Halpern sent the involuntary summons to Gold on September 9, 2024.

        (i)      <u>The Faulty Certification is Untimely</u>

11. Eastern District of New York Local Rules ("<u>Local Rules</u>") permit the Court to "dismiss the case if proof of service of the summons and involuntary petition pursuant to Bankruptcy Rule 7004 is not timely filed." Rule 1013-1(c).

12. Here, the Faulty Certification was filed 71 days after the alleged service took place, 19 days after Abraham's purported assignment and a week after the First Motion to Dismiss objection deadline. Farkash and Blumenberg offered no explanation for the delay.

13. Rather than file the Faulty Certification during that time period, Abraham chose to make several filings in the Viewstar Voluntary Chapter 11 Case. Specifically:

- (i) an objection to the retention of Debtor's counsel on **October 2, 2024**, *In re Viewstar LLC*, Case No. 24-22716 (Bankr. S.D.N.Y. 2024), ECF No. 23 (*Objection to the Application of Paul Rubin Esq. to represent the Debtor*);

- (ii) a request for an extension to comply with a Rule 2004 discovery order on **October 11, 2024**, *In re Viewstar LLC*, Case No. 24-22716 (Bankr. S.D.N.Y. 2024), ECF No. 31 (*Letter to Motion to Extend Time to Compel Ex-parte Order*); and

- (iii) a surreply to his objection to the retention of Debtor's counsel on **October 28, 2024**, *In re Viewstar LLC*, Case No. 24-22716 (Bankr. S.D.N.Y. 2024), ECF No. 37 (*Response/Reply to Mr. Paul Rubin, Esq*) *See* [ECF No. 14 (Amended Motion) at ¶ 34].

14. Finally, the fact that, Farkash and Blumenberg included the United States Bankruptcy Court for the District of New Jersey in the case caption rather than the correct case caption evidences that the Faulty Certification was a desperate, manufactured attempt to oppose dismissal of this involuntary case.

        (ii)     <u>The Faulty Certification Appears to Have Been Backdated</u>

4

15.     On November 19, 2024, Farkash and Blumenberg filed the Faulty Certification which: (i) alleges that on September 9, 2024, a Mr. David Halpern sent the summons and involuntary bankruptcy petition to Moshe Gold; and (ii) is dated September 9, 2024.

16.     However, the Faulty Certification includes the November 19, 2024 hearing date in the caption even though such date was not yet determined on September 9, 2024.  In fact, the First Motion to Dismiss and the Notice of Hearing listing the November 19 hearing date [Dkt. No. 7] were not filed until September 25, 2024—two weeks after September 9.

17.      This fact, coupled with the discrepancies in the Faulty Certification, call into doubt whether the involuntary summons was actually sent. *See In re Place Oriental Rugs, Inc*., 193 B.R. 126, 128 (Bankr. D. Conn. 1996) ("Petitioning creditors bear the ultimate burden of proving that all statutory requirements of Bankruptcy Code Section 303 have been met.").

(iii)    The Purported Certification is Similarly Untimely and Deficient

18.     The Amended Motion raised the inaccuracies contained in the Faulty Certification, but the Opposition fails to address these arguments.  Indeed, the Opposition ignored the Faulty Certification—perhaps, purposefully—and, instead, without explanation, attached the Purported Certification dated January 10, 2025—127 days after the purported service took place.  The Opposition fails to rebut the serious circumstantial evidence demonstrating that service did not happen and has failed to cite any precedent that a second certificate of service being filed 127 days after the purported service, and sixty-three days after the First Motion to Dismiss objection deadline is timely.

C.     The Petitioning Creditor, Farkash, and Blumenberg failed to Prosecute the Case

5

19. Alternatively, Bankruptcy Code section 303(j)(3) permits the Court, after notice to all creditors and a hearing, to dismiss a petition "for want of prosecution."[2] 11 U.S.C. § 303(j)(3); *In re Public Safety Grp., Inc.*, 2003 WL 25932293, at *5 (Bankr. S.D. IA. Sept. 9, 2003 (held "[d]ismissal under section 303(j)(3) occurs when the petitioning creditors fail to pursue the action. For example, if the debtor or non-joining general partner files an answer or a motion to dismiss pursuant to section 303(d) and the petitioning creditors fail to show up at the scheduled hearing, dismissal is a possible solution" and dismissed the case because no counsel appeared for the corporate creditors and thus they did not "show up" at the trial) (citing 2 Lawrence P. King, Colliers on Bankruptcy ¶ 303.16 at 303-16 (15th Ed. 2003); *In re CNG Foods*, 2020 WL 4219679, at *7 (holding dismissal was warranted "for want of prosecution" and failure to serve where petitioning creditors failed to timely serve the alleged debtor, 34 days, and then failed to serve a supplemental summons that the judge permitted at an order to show cause hearing); *In re Stern*, 268 B.R. at 391 (noting in its decision to grant sanctions for a bad faith involuntary filing that in a prior involuntary chapter 11 filing, the petition was dismissed for "failure to prosecute").

20. As raised in the Amended Motion, after the Court issued in the involuntary summons on September 4, 2024, Abraham: (i) made no effort to serve Gold; (ii) failed to file service of the involuntary summons on the Court's docket; (iii) failed to file an Objection to the First Motion to Dismiss; and (iv) failed to prosecute this Involuntary Chapter 11 Case despite being extremely active in the Viewstar Voluntary Chapter 11 Case. [ECF No. 14 (Amended Motion) at ¶¶ 33-35].

---

[2] In footnote 4 the Amended Motion inadvertently referenced bad faith as grounds to dismiss the motion. This was inadvertently left in from the Motion, which had been revised to remove all arguments or damages associated with bad faith on the part of the creditors. Gold's Amended Motion is not advancing any arguments on bad faith grounds.

HF 17740123v.4

21. Abraham's failure to file the certificate of service, object to the First Motion to Dismiss, contact Gold or his counsel, or take any action in this proceeding mandates the dismissal of the Involuntary Chapter 11 Case.

22. Further, Farkash and Blumenberg failed to take any action or contact Gold or his counsel after Abraham purportedly assigned his interests to them on October 31, 2024, thirteen days before the First Motion to Dismiss' objection deadline. They failed to object to the First Motion to Dismiss, and it was only minutes before the Hearing that Farkash untimely filed the Farkash Letter seeking an adjournment. Farkash and Blumenberg also did not take any action after the Hearing, including filing notices of appearance.

23. Farkash's and Blumenberg's argument that they were waiting until after the resolution of the First Motion to Dismiss and now Amended Motion to prosecute this case belies common sense. Farkash and Blumenberg had at least thirteen days to timely oppose the First Motion to Dismiss and choose not to. Farkash and Blumenberg had the opportunity to reach out to Gold or his counsel seeking an extension of the First Motion to Dismiss objection deadline and chose not to. Farkash still has not filed a notice of appearance, and prior to the Amended Motion Farkash made no effort to correct the back dated Faulty Certification.

24. Farkash and Blumenberg cannot now argue that the Court should not dismiss their case for failure to prosecute because they are waiting to see how the court will rule on the Amended Motion and that "[o]nce this motion is resolved, the creditors will proceed with full force." [ECF No. 17 (Opposition) at 2]. They had the opportunity to "proceed with full force" in a timely manner in October 2024 and chose not to.

     D.     Failure to Satisfy Judgment Obligations and Purported "Fraudulent Conduct" <u>Cannot Defeat the Motion to Dismiss</u>

7

25.     The Opposition attempts to distract the Court from the main arguments in the Amended Motion—dismissal of the Involuntary Chapter 11 Case for failure to timely serve the involuntary summons or to prosecute the case—and instead argues, in part, that it should be denied for Gold's: (i) failure to satisfy judgment obligations; and (ii) baseless allegations of "fraudulent conduct." *First*, the Opposition cites no case law stating that a purported debtor's failure to satisfy judgment obligations warrants the denial of a motion to dismiss where the petitioning creditor failed to serve the involuntary summons and failed to prosecute the case. *Second*, the alleged "fraudulent conduct" even if true, which it is not, has no bearing on this case. Any arguments of fraud were raised in the Springing Member Action by Abraham who had competent and qualified counsel advancing his arguments. These red herring arguments are wholly irrelevant and should be overruled.

E.     The Amended Motion to Dismiss was Timely Filed

26.    Opposition's arguments about untimely service are without merit. Opposition miscites Local Rule 9006-1 which applies to motions, not amended motions. And the Opposition fails to cite precedent to support its argument.

27.    Here, Gold filed an Amended Motion that removed the request for punitive damages and allegations of bad faith, but largely restates the First Motion to Dismiss, which was filed September 25, 2024. There, Abraham had until November 12, 2024 (forty-eight days) to file an opposition to the First Motion to Dismiss and failed to do so. And Abraham purportedly transferred his claim to Farkash and Blumenberg on October 31, 2024 giving them thirteen more days to interpose a timely objection.

28.    To now argue that an Amended Motion, adding additional background of the Opposition's own conduct, is untimely is misplaced and inconsistent with discussions at the Hearing. *See* [ECF No. 12 (Hearing Transcript) (Tr. 12:20-24) ("On Moshe Gold, we'll need to

HF 17740123v.4

continue that to determine if, in fact, this is a valid certificate of service and if, in fact, service was made. And that in the meantime, you can fix your papers. And if you want to proceed with damages, you can supplement your papers. Okay, folks?").

## II.    Gold is Entitled to Costs and Attorney's Fees under Bankruptcy Code

### A.    The Court has the Discretion to Grant Attorney's Fees and Costs in Favor of Gold

29.    As set forth in the Amended Motion, the Court should grant an award of attorney's fees or costs under section 303(i)(1).  Abraham, Farkash and Blumenberg have failed to offer an argument or justification for the denial of the costs and attorneys' fees incurred in dismissing this involuntary filing, and thus Gold should be awarded such costs and fees.

## CONCLUSION

30.    Abraham failed to timely meet his burden to serve the involuntary petition on Gold. Any efforts by Farkash and Blumenberg are untimely and inconclusive. Abraham, Farkash, and Blumberg have also failed to prosecute this case and therefore the petition must be dismissed.

31.    WHEREFORE, Gold respectfully requests that the Court enter an order: (i) granting the Amended Motion and dismissing this Involuntary Chapter 11 Case; (ii) awarding Gold costs and attorney's fees; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  January 17, 2025
        New York, New York

            Respectfully submitted,

            HERRICK, FEINSTEIN LLP

            By:/s/ *Steven B. Smith*
              Steven B. Smith
              Maxim M.L. Nowak
              Hunter Waters
              Two Park Avenue

New York, New York 10016
Tel: (212) 592-1400
Fax: (212) 592-1500
Email: ssmith@herrick.com
mnowak@herrick.com
hwaters@herrick.com

*Attorneys for Moshe Gold*